**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| REZA REZAEIKHOSRAVI,<br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br>THE HOME DEPOT, INC., and<br>JOHN DOE, Home Depot Employee,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. 4:26-cv-00259-P |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I. NATURE OF THE ACTION

1. This is a civil action to recover damages for severe and permanent personal injuries sustained by Plaintiff Reza Rezaeikhosravi as a result of Defendants' negligence. On March 13, 2024, while Plaintiff was lawfully present as a business invitee at a Home Depot retail store in Grand Prairie, Texas, he was struck violently in the right shoulder by a piece of motorized equipment operated by Defendant JOHN DOE, a Home Depot employee, causing severe and permanent injuries. Plaintiff asserts claims for premises liability, negligence, *respondeat superior*, negligent training, supervision, and retention, and negligent entrustment of equipment.

## II. PARTIES

2. Plaintiff Reza Rezaeikhosravi is an individual residing in Tarrant County, Texas. The last four digits of his Social Security number are 0776.

3. Defendant Home Depot U.S.A., Inc. is a foreign corporation incorporated in Delaware with its principal place of business in Atlanta, Georgia, authorized to do business in the State of Texas. Defendant Home Depot U.S.A., Inc. may be served through its registered agent, CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Defendant The Home Depot, Inc. is a foreign corporation incorporated in Delaware with its principal place of business in Atlanta, Georgia and is the parent corporation and 100% owner of Defendant Home Depot U.S.A., Inc. Defendant The Home Depot, Inc. may be served through its registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5. Defendant John Doe is an individual employed by Defendant Home Depot U.S.A., Inc. who, at all times relevant hereto, was operating the motorized equipment that struck Plaintiff. Plaintiff does not yet know Defendant John Doe's identity and will amend this pleading to identify him or her by name upon learning it through discovery. Defendant John Doe is, upon information and belief, a resident of Texas.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Complete diversity of citizenship exists between Plaintiff, a citizen of Texas, and Defendant Home Depot U.S.A., Inc., a Delaware corporation with its principal place of business in Georgia. Upon information and belief, Defendant John Doe is a Texas resident; however, as a fictitiously named defendant whose true identity has not yet been ascertained, John Doe's citizenship does not defeat diversity jurisdiction at this stage. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant Home Depot U.S.A., Inc. does business in this district, the events giving rise to this action occurred in this district, and Defendant removed this action to this Court from the 48th Judicial District Court, Tarrant County, Texas, on March 7, 2026.

## IV. FACTUAL ALLEGATIONS

8. On March 13, 2024, Plaintiff was a business invitee at The Home Depot store #8517, located at 5280 South Highway 360, Grand Prairie, Texas 75052. This store is owned, operated, managed, and controlled by Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc.

9. Plaintiff was lawfully shopping in the store with his wife for the mutual benefit of both Plaintiff and Defendants.

10. While Plaintiff was lawfully shopping in the store, Defendant John Doe, a Home Depot employee, was operating a piece of motorized work equipment in the customer shopping area without maintaining a proper lookout, without providing any warning to customers in the aisle, and without any barriers, spotters, or safety precautions to protect customers from the equipment's operation.

11. Without warning, Defendant John Doe violently struck Plaintiff in his right shoulder with the motorized equipment, forcefully wedging Plaintiff between the equipment and store fixtures mounted on shelving units.

12. The area in which the equipment was being operated was an active, customer-accessible shopping aisle in which Defendant's customers were expected to and routinely did walk, browse merchandise, and shop. At the time of the incident, there were no barriers, warning cones, signage, or other measures in place to alert customers or restrict access to the area.

13. As a direct and proximate result of being struck and wedged by Defendants' equipment, Plaintiff sustained severe injuries to his right shoulder, right arm, neck, back, and body generally.

## V. DAMAGES

14. As a direct and proximate result of Defendants' negligence, Plaintiff has sustained the following damages:

a. Past and future physical pain and suffering;

b. Past and future mental anguish and emotional distress;

c. Past and future physical impairment and disfigurement;

d. Past and future medical care and expenses;

e. Past and future loss of earning capacity; and

f. Past and future out-of-pocket expenses.

15. Plaintiff has sought medical treatment for his injuries from the following healthcare providers: Brewer Chiropractic Clinic, Metro MRI, Neuro 1, Dr. Car Wreck, Arlington Orthopedic Associates, Crescent Medical Center, Diesel Medical Equipment, Specialty Care Clinics, North Biomedical, Athletico Physical Therapy—Mansfield, Alivio Pain and Orthopedics Center, Kathryn Miller PA-C, and Elite Imaging. Plaintiff has incurred reasonable and necessary medical expenses in the past and will, in reasonable probability, continue to incur such expenses in the future.

16. Some of Plaintiff's injuries are permanent in nature and will continue to cause pain, suffering, and limitation of activity for the remainder of his life.

17. Plaintiff seeks damages in excess of $250,000.00, exclusive of interest and costs.

## VI. CAUSES OF ACTION

### COUNT ONE: PREMISES LIABILITY

18. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

19. At all times relevant hereto, Plaintiff was a business invitee on Defendants Home Depot U.S.A., Inc.'s and The Home Depot, Inc.'s premises located at 5280 South Highway 360, Grand Prairie, Texas 75052. As a business invitee, Plaintiff entered Defendants' premises with Defendants' knowledge and consent for the mutual benefit of both parties.

20. Defendants created and allowed to exist an unreasonably dangerous condition on its premises by permitting the operation of motorized equipment in active customer shopping aisles without barriers, warning cones, signage, spotters, or any other precaution to protect customers from the foreseeable risk of being struck by the equipment. This constituted a condition on the premises that posed an unreasonable risk of harm to business invitees, including Plaintiff.

21. Defendants knew, or in the exercise of ordinary care should have known, of this unreasonably dangerous condition. The operation of motorized equipment in customer-occupied shopping areas is a regularly occurring activity at Defendants' stores, and the attendant risk of customer injury is a foreseeable and known hazard.

22. Defendants breached their duty of ordinary care owed to Plaintiff by:

   a. Failing to warn Plaintiff of the unreasonably dangerous condition created by the operation of motorized equipment in the customer shopping area;

   b. Failing to make the premises reasonably safe by restricting, cordoning off, or otherwise securing the area in which the equipment was being operated; and

   c. Failing to remedy the unreasonably dangerous condition prior to Plaintiff's injury.

23. Defendants' breach of its duty of care was a proximate cause of Plaintiff's injuries and damages.

**COUNT TWO: NEGLIGENCE**

24. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

25. Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. owed Plaintiff a duty to exercise ordinary care in the operation and management of its business and store, including the supervision and control of activities conducted on its premises.

26. Defendants breached this duty of ordinary care in one or more of the following respects:

   a. Failing to properly supervise employees operating motorized equipment in areas accessible to and occupied by customers;

   b. Failing to establish, implement, and enforce adequate safety policies and procedures governing the operation of motorized equipment in customer shopping areas;

   c. Failing to train employees on the safe operation of equipment around customers;

   d. Failing to warn customers of equipment being operated in their vicinity;

   e. Failing to secure or restrict access to areas where equipment was being operated;

   f. Permitting employees to operate motorized equipment in an unsafe and negligent manner in active customer shopping areas; and

   g. Failing to take reasonable measures to protect business invitees from the foreseeable risk of injury from equipment operation.

27. Defendants' breach of its duty of ordinary care was a proximate cause of Plaintiff's injuries and damages.

**COUNT THREE: RESPONDEAT SUPERIOR**

28. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

29. At all times relevant hereto, Defendant John Doe was an employee of Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. and was acting within the course and scope of his or her employment and in furtherance of Defendants Home Depot U.S.A., Inc.'s and The Home Depot, Inc.'s business when operating the motorized equipment that struck Plaintiff.

30. Defendant John Doe owed a duty to exercise reasonable care in the performance of his or her work duties, including the operation of motorized equipment in areas accessible to customers.

31. Defendant John Doe breached this duty by operating motorized equipment without maintaining a proper lookout, without providing any warning to Plaintiff, without deploying any safety measures or barriers, and by striking Plaintiff with the equipment and forcefully wedging him between the equipment and store fixtures.

32. Under the doctrine of *respondeat superior*, Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. are vicariously liable for the negligent acts of Defendant John Doe committed within the course and scope of employment. Defendant John Doe's negligence was a proximate cause of Plaintiff's injuries and damages.

**COUNT FOUR: NEGLIGENT TRAINING, SUPERVISION, AND RETENTION**

33. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

34. Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. had a legal duty to adequately train, supervise, and retain competent employees at its store located at 5280 South Highway 360, Grand Prairie, Texas 75052, including specifically employees who operate motorized equipment in customer-accessible areas of the store.

35. Defendants breached this duty by:

a. Failing to adequately train Defendant John Doe on the safe operation of motorized equipment in areas where customers are present;

b. Failing to train Defendant John Doe on the requirement to maintain a proper lookout and provide warnings to customers when operating equipment in customer areas;

c. Failing to adequately supervise Defendant John Doe's operation of motorized equipment on the day of the incident; and

d. Retaining an employee who lacked the demonstrated competence to safely operate motorized equipment in customer-occupied areas.

36. Defendants Home Depot U.S.A., Inc.'s and The Home Depot, Inc.'s negligent training, supervision, and retention of Defendant John Doe was a proximate cause of Plaintiff's injuries and damages.

**COUNT FIVE: NEGLIGENT ENTRUSTMENT OF EQUIPMENT**

37. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

38. Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. owned and controlled the motorized equipment that was operated by Defendant John Doe on March 13, 2024.

39. Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. entrusted the motorized equipment to Defendant John Doe for use in the store's customer shopping areas.

40. At the time of entrustment, Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. knew or should have known in the exercise of ordinary care that Defendant John Doe was not adequately trained, qualified, or competent to safely operate the motorized equipment in active customer shopping areas without posing an unreasonable risk of injury to others.

41. Defendants Home Depot U.S.A., Inc.'s and The Home Depot, Inc.'s negligent entrustment of the motorized equipment to Defendant John Doe was a proximate cause of Plaintiff's injuries and damages.

## VII. PRESERVATION OF EVIDENCE

42. Plaintiff hereby demands that Defendants preserve all evidence pertaining to this incident, including but not limited to: all surveillance video recordings from store #8517 for March 13, 2024; photographs of the scene and equipment; incident reports and internal investigation records; Defendant John Doe's personnel file, training records, equipment operation certifications, and prior disciplinary records; all training materials and safety policies governing employee operation of motorized equipment in customer areas; equipment maintenance, inspection, and certification records for the equipment involved in this incident; OSHA Form 300 logs and any prior injury incident reports at store #8517 and comparable Home Depot locations; any prior customer complaints or near-miss reports involving motorized equipment operation at store #8517; and all electronic data, communications, and documents related to this incident or Plaintiff's injuries. Failure to preserve such evidence may constitute spoliation of evidence.

## VIII. JURY DEMAND

43. Pursuant to RULE 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## IX. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Reza Rezaeikhosravi respectfully requests that Defendants be cited to appear and answer, and that upon final trial or other disposition, Plaintiff have judgment against Defendants, jointly and severally, for:

a. Actual damages in an amount within the jurisdictional limits of this Court, to be determined by a jury;

b. Pre-judgment interest at the maximum rate allowed by law;

c. Post-judgment interest at the statutory rate;

d. Costs of court; and

e. Such other and further relief, whether at law or in equity, to which Plaintiff may be justly entitled.

Plaintiff further reserves the right to seek exemplary damages against Defendants upon the development of facts supporting gross negligence as discovery proceeds, pursuant to TEX. CIV. PRAC. & REM. CODE § 41.003.

Respectfully submitted,

**BRANDY AUSTIN LAW FIRM, PLLC**
2404 Roosevelt Drive
Arlington, TX 76016
Tel. (817) 841-9906
Fax. (817) 484-0280

/s/Brandy M. Austin
Brandy M. Austin
Texas Bar No. 24061985
brandy@brandyaustinlaw.com
Leslie A. Kramer
Texas Bar No. 24090216
leslie@brandyaustinlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, a true and correct copy of the foregoing document was served upon the counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure via the Court's CM/ECF system:

Karen M. Alvarado
State Bar No. 11067050
Federal ID: 10880
BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.
10333 Richmond Ave, Suite 900
Houston, Texas 77042
T: (713) 337-0750
F: (713) 337-0760
*Attorneys for Defendant Home Depot U.S.A., Inc.*

/s/Brandy M. Austin
Brandy M. Austin